# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY THOMPSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:15-CV-1012 CAS |
| TOM VILLMER, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration No. 351061), an inmate at Missouri Eastern Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $4.48. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order plaintiff to amend his complaint in order to provide specific allegations against defendant Ford.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $22.42, and an average monthly balance of $4.19. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.48, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are correctional officers from Farmington Correctional Center: Tom Villmer (Warden, FCC); Wendy Dashner (Functional Unit Manager, FCC); and James Ford (Sergeant, FCC).

Plaintiff claims that on July 9, 2014, he was in Housing Unit 6 in Farmington Correctional Center when he was maced in the face by defendant Ford in front of defendant Dashner, who stood watching. Plaintiff states that Ford said, "Nigger, I'll mace you." Plaintiff claims that at the time he was maced, his arms were in handcuffs behind his back. Plaintiff asserts that defendant Ford also placed him in a "choke-hold," telling plaintiff, "I'll kill you, nigger"

Plaintiff alleges that he went into cardiac arrest as a result of the macing and choke-hold, and he claims that as a result of poor EKG readings, an ambulance took him to the hospital a week later, whereupon he had to have heart surgery. Plaintiff claims that he later found out that he was given a false conduct violation in relation to the incident as a "cover-up," which was signed by defendant Ford.

Plaintiff makes claims against defendants under the Eighth Amendment for excessive force, for deliberate indifference to his medical needs and for failure to protect, and he also asserts a state law claim for assault. In his request for relief, plaintiff seeks damages and injunctive relief.

**Discussion**

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants, except for defendant Ford, were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a

result, the complaint fails to state a claim upon which relief can be granted with respect to defendants Tom Villmer and Wendy Dashner. These defendants will be dismissed from this action, without prejudice.

As for plaintiff's claims against defendant James Ford, which arise under the Eighth Amendment,[1] the Court would like to issue process on such claims, however, plaintiff has neglected to allege the capacity under which he suing defendant Ford.[2] Despite the aforementioned, and because of the serious nature of the allegations in the complaint, the Court will not dismiss the case at this time. Instead, the Court will give plaintiff the opportunity to amend his complaint to state, with specificity, his allegations against defendant Ford.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint against defendant Ford. Plaintiff's amended complaint must be filed on the court-form, and the filing of an amended complaint replaces the original complaint. Therefore, plaintiff must include each and every one of the claims he wishes to pursue against defendant Ford in the amended complaint. See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff wishes to sue defendant Ford in his individual capacity or official capacity or both, he must specifically say so in the amended

---

[1] "'[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)). In the context of a prisoner's Eighth Amendment claim against a prison guard for the use of excessive force, "the core judicial inquiry is that set out in Whitley: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. Plaintiff also appears to have conclusory claims for "failure to protect," and deliberate indifference to his serious medical needs, which also arise under the Eighth Amendment.

[2] Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id.

complaint. After plaintiff files his amended complaint in this Court, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.

If plaintiff fails to file an amended complaint on a Court form within thirty (30) days in accordance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $4.48 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Wendy Dashner or Tom Villmer because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Memorandum and Order, plaintiff shall file an amended complaint on a court-form setting forth in detail his claims against defendant James Ford.

**IT IS FURTHER ORDERED** that after plaintiff submits his amended complaint in this action, the Court will review this matter pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's failure to comply with this Memorandum and Order could result in a dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a copy of the Court's form complaint for filing Prisoner Section 1983 Cases.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of September, 2015.