UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1012 CAS |
| | ) | |
| JAMES FORD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's amended complaint. After reviewing the amended complaint, the Court will dismiss the amended complaint in its entirety. See 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as the sole defendant in the amended complaint is James Ford (Sergeant, Farmington Correctional Center ("FCC")).

Plaintiff claims that on July 9, 2014, he was in Housing Unit 6 in FCC when defendant Ford threatened to mace him in the face. Plaintiff claims at the time he was threatened by defendant Ford he was in handcuffs with his arms restrained behind his back. Plaintiff asserts that defendant Ford also placed him in a "choke-hold," telling plaintiff, "I'll kill you."

Plaintiff asserts that defendant Ford was so angry with him that after harassing him with verbal threats and threatening him with mace, he also jumped on top of plaintiff's back and pushed plaintiff to the ground, whereupon plaintiff went into cardiac arrest. Plaintiff claims that his heart attack was a direct result of the physical altercation, as well as the choke-hold.

Plaintiff asserts that he was taken by ambulance to Mercy hospital approximately one week later, and he was told that he had to have heart surgery. Plaintiff claims that he later found out that he was given a false conduct violation in relation to the incident as a "cover-up," which was signed by defendant Ford.

Plaintiff makes claims against defendant Ford under the Eighth Amendment for excessive force and for deliberate indifference to his medical needs. In his request for relief, plaintiff seeks damages and injunctive relief. He asks that defendant Ford be fired from his position at the Missouri Department of Corrections, and he seeks criminal charges against defendant Ford.

Despite being given time to specifically identify the capacity under which he is suing defendant Ford, plaintiff has failed to do so.

## Discussion

The amended complaint, like the original complaint, does not state whether defendant Ford is being sued in his official or individual capacity. As the Court pointed out in its September 22, 2015 Memorandum and Order, where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the amended complaint fails to state a claim upon which relief can be granted.

In its prior Memorandum and Order, the Court requested that plaintiff tell the Court whether he was specifically suing defendant Ford in his individual capacity, his official capacity, or both. Plaintiff failed to do so. Unfortunately, plaintiff's failure must result in a dismissal of his amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent plaintiff has alleged any state law claims against defendant Ford, these claims are also **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1367(c).

An Order of Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>30th</u> day of November, 2015.