UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GREGORY THOMPSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:15-CV-1012 CAS |
| TOM VILLMER, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, an inmate at Missouri Eastern Correctional Center, for leave to file a post-dismissal amended complaint in order to provide specific allegations against defendant Ford. The motion will be granted.

### Background

Plaintiff filed the instant action in June of 2015, pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. In his original complaint, plaintiff brought the action against several correctional officers at Farmington Correctional Center, including Sergeant James Ford. After the Court dismissed all of the defendants but defendant Ford from the action, plaintiff filed an amended complaint against defendant Ford on October 2, 2015.

In his complaint and amended complaint, plaintiff claimed that on July 9, 2014, he was maced in the face at FCC by defendant Ford. Plaintiff claimed that at the time he was threatened by defendant Ford he was in handcuffs with his arms restrained behind his back. Plaintiff asserts that defendant Ford also placed him in a "choke-hold," telling plaintiff, "I'll kill you."

Plaintiff asserted that defendant Ford was so angry with him that after harassing him with verbal threats and threatening him with mace, he also jumped on top of plaintiff's back and pushed plaintiff to the ground, whereupon plaintiff went into cardiac arrest. Plaintiff claims that his heart attack was a direct result of the physical altercation, as well as the choke-hold.

In his amended complaint, plaintiff asserted that he was taken by ambulance to Mercy hospital approximately one week after the alleged attack, and that he was told that he had to have heart surgery. Plaintiff claims that he later found out that he was given a false conduct violation in relation to the incident as a "cover-up," which was signed by defendant Ford.

Plaintiff made claims against defendant Ford under the Eighth Amendment for excessive force and for deliberate indifference to his medical needs. However, plaintiff failed to identify the capacity under which he was suing defendant Ford, despite being given plenty of time to do so. After a timely notice to plaintiff of his failure to amend to identify the proper capacity, the Court dismissed plaintiff's amended complaint without prejudice on November 30, 2015. In the present motion to amend, plaintiff seeks leave to file a second amended complaint against defendant Ford.

The Court takes judicial notice that plaintiff has also filed a duplicative complaint against defendant Ford in this Court, stating the same allegations as the case herein. See Thomas v. Ford, 4:16CV163 CAS (E.D.Mo.).1 As this case is relatively new before the Court, it has not yet been reviewed, pursuant to 28 U.S.C. § 1915, and plaintiff has not yet been charged a filing fee in this matter.

**Discussion**

In his post-dismissal motion to amend his complaint, plaintiff seeks leave to reopen this action so that he can file an amended complaint against defendant Ford in the proper capacity to go forward in this action. Plaintiff notes that he would like to pursue his action against defendant Ford in the present case as he is already paying the filing fee in this action, whereas if

---

1 After plaintiff files a second amended complaint in the present action, the Court will dismiss Case No. 4:16-CV-163 CAS (E.D.Mo.) as duplicative. Plaintiff will not be charged a filing fee in that action.

he pursues a separate action against defendant Ford he will have to pay the full filing fee in both actions.

The Court sees merit in plaintiff's request and will allow him thirty (30) days to amend his complaint in this action against defendant Ford which arise under the Eighth Amendment.2 Plaintiff must remember to allege the capacity under which he suing defendant Ford.3

Plaintiff shall have thirty (30) days from the date of this Order to file a second amended complaint against defendant Ford. Plaintiff's second amended complaint must be filed on a court-form, and the filing of a second amended complaint replaces the amended complaint and the original complaint. Therefore, plaintiff must include each and every one of the claims he wishes to pursue against defendant Ford in the second amended complaint. See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff wishes to sue defendant Ford in his individual capacity or official capacity or both, he must specifically say so in the second amended complaint. After plaintiff files his second amended complaint in this Court, the Court will review the second amended complaint pursuant to 28 U.S.C. § 1915.

---

2 A>[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.=@ Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)). In the context of a prisoner=s Eighth Amendment claim against a prison guard for the use of excessive force, Athe core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.@ Id.

3
 Where a Acomplaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims.@ Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep=t of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are >persons= under § 1983." Id.

If plaintiff fails to file a second amended complaint on a Court form within thirty (30) days in accordance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's post-dismissal motion to amend his complaint is **GRANTED**. (Doc. 10)

**IT IS FURTHER ORDERED** that the Memorandum and Order and Order of Dismissal entered on November 30, 2015, are **VACATED**. (Docs. 8 and 9)

**IT IS FURTHER ORDERED** that this matter is **REOPENED**.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Memorandum and Order, plaintiff shall file a second amended complaint on a court-form setting forth in detail his claims against defendant James Ford.

**IT IS FURTHER ORDERED** that after plaintiff submits his second amended complaint in this action, the Court will review this matter pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's failure to comply with this Memorandum and Order could result in a dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a copy of the Court's form complaint for filing Prisoner Section 1983 Cases.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of March, 2016.