UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **GREGORY THOMPSON,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 4:15CV1012 HEA |
| **TOM VILLMER, et al.,** | ) |
| **Defendants.** | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Gregory Thompson's Supplemental Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial [Doc. No. 173]. Defendant James Ford opposes the Motion. For the reasons set forth below, Plaintiff's Motion will be denied.

## Background

Plaintiff Gregory Thompson, a Missouri Department of Corrections inmate housed in the Farmington Correctional Center brought this 42 U.S.C. § 1983 claim against Defendant James Ford claiming that his constitutional rights were violated when he was subjected to excessive use of force on July 9, 2014. This matter was tried before a jury beginning on August 30, 2021 and concluding on September 1, 2021. The Court denied Plaintiff's oral motion for judgment as a matter of law at the close of all the evidence. The jury returned its verdict in favor of Defendant on

September 1, 2021. Plaintiff now renews his motion for judgment as a matter of law. In the alternative, Plaintiff requests a new trial.

## Legal Standards

### Judgment as a Matter of Law

Pursuant to Federal Rule of Civil Procedure 50, a court should render judgment as a matter of law "'when no reasonable jury could have found for the nonmoving party.'" *Monohon v. BNSF Ry. Co.*, 17 F.4th 773, 780 (8th Cir. 2021) (quoting *S. Wine & Spirits of Nev. v. Mountain Valley Spring Co.*, 646 F.3d 526, 533 (8th Cir. 2011)). A motion for judgment as a matter of law should be granted only if the jury's verdict is utterly lacking in evidentiary support. *In re Prempro Prods. Liab. Litig.,* 586 F.3d 547, 571 (8th Cir. 2009). This Court must assess whether the evidence is "'so one-sided that one party must prevail as a matter of law.'" *Adeli v. Silverstar Auto, Inc.,* 960 F.3d 452, 458 (8th Cir. 2020*)* (quoting *White v. Union Pac. R.R. Co.*, 867 F.3d 997, 1000 (8th Cir. 2017)).

On a motion for judgment as a matter of law, the Court must give "great deference to the jury's verdict." *Heaton v. The Weitz Co., Inc.,* 534 F.3d 882, 889 (8th Cir. 2008) (citation omitted).  It bears emphasizing that "'the law places a high standard on overturning a jury verdict because of the danger that the jury's rightful province will be invaded when judgment as a matter of law is misused.'"

*Washington v. Denney*, 900 F.3d 549, 558 (8th Cir. 2018) (quoting *Bavlsik v. Gen. Motors, LLC*, 870 F.3d 800, 805 (8th Cir. 2017)).

When deciding a motion for judgment as a matter of law, this Court must:

(1) consider the evidence in the light most favorable to the prevailing party,
(2) assume that all conflicts in the evidence were resolved in favor of the prevailing party,
(3) assume as proved all facts that the prevailing party's evidence tended to prove, and
(4) give the prevailing party the benefit of all favorable inferences that may reasonably be drawn from the facts proved.

*Ryan Data Exchange, Ltd. v. Graco, Inc.*, 913 F.3d 726, 732–33 (8th Cir. 2019).

Judgment as a matter of law should not be granted unless "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue…" Fed. R. Civ. P. 50(a)(1). In applying this standard, the Court may not make credibility determinations or weigh the evidence. *In re Prempro,* 586 F.3d at 572 (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)). The nonmoving party receives the benefit of all inferences which can be drawn without resort to speculation. *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.,* 401 F.3d 901, 908–09 (8th Cir. 2005). "Judgment as a matter of law is appropriate '[w]hen the record contains no proof beyond speculation to support [a] verdict.'" *First Union Nat. Bank v. Benham*, 423 F.3d 855, 863 (8th Cir. 2005) (quoting *Sip-Top, Inc. v. Ecko Group, Inc.*, 86 F.3d 827, 830 (8th Cir. 1996)).

3

## New Trial

Federal Rule of Civil Procedure 59(a) provides, in pertinent part, "The court may, on motion, grant a new trial on all or some of the issues—and to any party ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). In evaluating a motion for a new trial pursuant to Rule 59(a), "[t]he key question is whether a new trial should [be] granted to avoid a miscarriage of justice." *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir. 1994); *See also, Manning v. Jones*, 875 F.3d 408, 410 (8th Cir. 2017). A new trial is appropriate when the trial, through a verdict against the weight of the evidence or legal errors at trial, resulted in a miscarriage of justice. *Bank of America N.A. v. JB Hanna, LLC,* 766 F.3d 841, 851 (8th Cir. 2014); *See also, White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992).

However, legal errors must adversely and substantially impact the moving party's substantial rights to warrant relief. Fed. R. Civ. P. 61. "In determining whether or not to grant a new trial, a district judge is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *King v. Davis*, 980 F.2d 1236, 1237 (8th Cir. 1992) (citing *White*, 961 F.2d at 780). "[T]he 'trial judge may not usurp the function of a jury ... [which] weighs the evidence and credibility of witnesses.'" *White*, 961 F.2d at 780

4

(quoting *McGee v. S. Pemiscot Sch. Dist.*, 712 F.2d 339, 344 (8th Cir. 1983)). "Instead, a district judge must carefully weigh and balance the evidence and articulate reasons supporting the judge's view that a miscarriage of justice has occurred." *King*, 980 F.2d at 1237.

"The authority to grant a new trial ... is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980). "Motions for new trials are generally disfavored." *United States v. Fetters*, 698 F.3d 653, 656 (8th Cir. 2012) (citation omitted). The district court's authority to grant a new trial should be exercised sparingly and with caution. *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002).

## Discussion

**Verdict Against the Weight of the Evidence**

Plaintiff argues that he is entitled to judgment as a matter of law, or in the alternative, a new trial, on the grounds that the verdict is against the weight of the evidence.

To prevail on Plaintiff's excessive use of force claim against Defendant, the jury was properly instructed that he had to prove the following elements:

> First, Defendant forcefully brought Plaintiff to the ground, beat him, and choked Plaintiff; and
>
> Second, the force used was excessive and applied maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to achieve a legitimate purpose; and

5

Third, as a direct result, Plaintiff was injured.

Plaintiff argues that he successfully proved each element of his claim, that all the evidence points in his favor, and Defendant provided no credible evidence in response. However, as Defendant correctly argues in his response to the instant motion, Plaintiff's version of events was repeatedly disputed by Defendant through cross examination and his case in chief. For instance, Plaintiff claims that Defendant used multiple racial slurs before choking him, then continued to beat him by hitting him in the head after the two fell on the ground, but Defendant testified those events never happened. Plaintiff also relies on several hypotheticals of other officers who testified that it should never be necessary to punch an inmate in the head while the inmate is on the ground, but as Defendant points out, none of those officers actually witnessed Defendant hit or punch Plaintiff. Plaintiff argues Defendant was punishing him for speaking out, but Defendant testified he reasonably believed Plaintiff was going to attack him, so he took Plaintiff to the ground to maintain order, not to hurt or punish him. Plaintiff testified he was severely beaten and had injuries, but a nurse at FCC who examined him right after the incident testified that he had no signs or symptoms of distress, no bruising or swelling, and was not bleeding. The jury heard the evidence from both Defendant and Plaintiff, in addition to other witnesses about the events surrounding the incident and made credibility determinations based on all of the evidence. It is the

6

jury's role "to evaluate [the] evidence and decide what inferences should be drawn from it." *JCB, Inc. v. Union Planters Bank, NA*, 539 F.3d 862, 873 (8th Cir. 2008). The credibility of the witnesses was exclusively within the jury's purview. Plaintiff has failed to establish he is entitled to judgment as a matter of law.

Alternatively, Plaintiff argues he is entitled to a new trial. A new trial is appropriate when the trial, through a verdict against the weight of the evidence or legal errors at trial, resulted in a miscarriage of justice. *White,* 961 F.2d at 780. However, legal errors must adversely and substantially impact the moving party's substantial rights to warrant relief. Fed. R. Civ. P. 61. "When the basis of the motion for a new trial is that the jury's verdict is against the weight of the evidence, the district court's denial of the motion is virtually unassailable on appeal." *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 459 (8th Cir. 2016) (citations omitted) A review of the evidence presented establishes that Plaintiff has failed to meet this standard required for a new trial. Substantial evidence was presented to support the jury's verdict, and Plaintiff's argument to the contrary notwithstanding.

**Admission of Plaintiff's Grievance Packet**

Plaintiff next argues a new trial should be granted because the Court erred in admitting evidence related to Plaintiff's grievance packet that included his Informal Resolution Request ("IRR") statement describing the July 9, 2014

7

incident. The grievance packet also disclosed he was disciplined after the incident. Prior to trial, Plaintiff's Motion in Limine to exclude evidence that Plaintiff was disciplined following the July 2014 incident was granted by this Court. However, during Plaintiff's trial testimony, he testified he thought he put Defendant's use of a racial slur in his IRR statement. Plaintiff also testified he had injuries from the incident. Defendant then offered the grievance packet for the limited purpose of impeachment as the Plaintiff's statement in his IRR did not include Defendant's use of a racial slur or description of his injuries, which the Court allowed over Plaintiff's objection.

Federal Rule of Evidence 613(b) addresses the use of extrinsic evidence to prove that a witness made a prior inconsistent statement. Impeachment of a witness deals with "matters like the bias or interest of a witness, his or her capacity to observe an event in issue, or a prior statement of the witness inconsistent with his or her current testimony.'" *Berry v. Oswalt*, 143 F.3d 1127, 1132 (8th Cir. 1998). "Such evidence is permitted when the witness is afforded an opportunity to explain or deny the earlier statement, the opposing party has the opportunity to interrogate the witness thereof, and the evidence is material to the substantive issues of the case". *United States v. Allen*, 540 F.3d 821, 825–26 (8th Cir. 2008) (citing *United States v. Bolzer*, 367 F.3d 1032, 1038 (8th Cir. 2004). "[P]ursuant to Rule 403, the

8

probative value of the statement must not be substantially outweighed by unfair prejudice." *Id.*

In this case, each requirement was fulfilled, and the evidence was properly allowed. Further, this evidence did not impact the jury's ultimate verdict. Plaintiff's claim that this evidence was prejudicial or caused a manifest injustice to him is not convincing. "[A] new trial is only an appropriate remedy when an aggrieved party proves prejudice, meaning that the result at trial would have been different if not for the district court's error." *Acuity v. Johnson*, 776 F.3d 588, 596 (8th Cir. 2015) (citations omitted).

## **Conclusion**

The Court gives great deference to the jury's verdict. *Heaton,* 534 F.3d at 889. Plaintiff has not established that the evidence is insufficient to support the jury's verdict, nor has he established that the record is fraught with such error that a manifest injustice has resulted. *White,* 961 F.2d at 780. "Absent error affecting the substantial rights of the parties, neither reversal nor a new trial is required." *Hoffmeyer v. Porter,* 758 F.3d 1065, 1068 (8th Cir. 2014) (citation omitted). Plaintiff is not entitled to a judgment as a matter of law, or in the alternative, a new trial. Therefore, Plaintiff's Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Supplemental Motion for Judgment as a Matter of Law, or in the Alternative, for a New Trial [Doc. No. 173] is **DENIED.**

Dated this 9th day of September, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE